IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40304

_____

SIXTO ARREDONDO and AURORA ARREDONDO,

Plaintiffs-Appellants,

versus

SOUTHWESTERN BELL TELEPHONE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Texas
(B-91-CV-51)

_____

January 28, 1997

Before REAVLEY, GARWOOD and BENAVIDES, Circuit Judges.

REAVLEY, Circuit Judge:[*]

Sixto Arredondo appeals the district court's order granting Southwestern Bell Telephone's motion for summary judgment.[1] Arredondo argues that the district court erred by: (1) not remanding the action to state court; (2) denying Arredondo leave to amend his complaint; (3) granting summary judgment on his wrongful

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Arredondo's wife, Aurora Arredondo, is also an appellant in this action but, for the sake of convenience, will not be referred to in this opinion.

termination claim when there existed a genuine fact issue; and (4) applying the wrong legal standard. We hold that the district court did not err and affirm.

On March 8, 1987, Sixto Arredondo, an employee of Southwestern Bell, suffered an injury while riding a bus to a training seminar. Arredondo received disability benefits under Southwestern Bell's Sickness and Accident Disability Benefit Plan, supplemented by workers' compensation benefits, until May 20, 1987 when Arredondo returned to work on light duty status. On August 24, 1988, Arredondo claimed a relapse of the original injury and ceased working. Southwestern Bell's Employee Benefit Committee received some medical information from Arredondo's doctor regarding his injury, but this information indicated that Arredondo was not totally disabled and could engage in light duties. Southwestern Bell repeatedly requested a second medical opinion, but the benefit committee never received sufficient medical substantiation of Arredondo's inability to work as required by the company's benefit plan.

On June 15, 1989, the Employee Benefit Committee denied Arredondo disability benefits for the alleged relapse because he failed to comply with its requests for additional medical information and because the medical information available indicated that Arredondo could perform certain duties. Arredondo's supervisor advised him to return to work, which Arredondo did, but the supervisor sent him home because he seemed unable to work.

Arredondo was informed that he could still get a second medical opinion regarding his injury, but he never did.  Arredondo was given a final opportunity to return to work, but his lawyer called to inform the company that his client was suffering from chest pains and would not be able to return.  After Arredondo failed to appear for work, Southwestern Bell terminated his employment.  Arredondo was notified of his termination on September 25, 1989, effective as of February 21, 1989.

Arredondo filed suit is state court alleging that Southwestern Bell had wrongfully terminated his employment in retaliation for filing a workers' compensation claim in violation of Article 8307c of the Texas Workers' Compensation Act.[2]  Arredondo also alleged that Southwestern Bell had "breached the agreement" and wrongfully discharged him "in violation of the contract."  In addition to actual and exemplary damages, Arredondo sought reimbursement of employee benefits which would have accrued, including pension and retirement benefits.  Southwestern Bell removed the action to federal court based upon federal question jurisdiction, and diversity of citizenship, pursuant to 28 U.S.C. § 1441.

On appeal, Arredondo contends that his sole cause of action arose under the Texas Workers' Compensation Act and, because the claim was non-removable, the district court erroneously retained jurisdiction.  Ordinarily, a cause of action arising under state

---

[2] Formerly Tex. Rev. Civ. Stat. Ann. art. 8307c § 1 (Vernon 1992); now codified at Tex. Lab. Code Ann. § 451.001 (Vernon 1993).

workers' compensation laws cannot be removed to federal court. 28 U.S.C. § 1445(c). However, Arredondo's complaint combined intertwined federal claims with the otherwise non-removable cause of action, and the cause must either go to state or federal court. We conclude that the federal district court could determine all issues contained there. In his original pleading, Arredondo asserted a claim against Southwestern Bell for violating the terms of the "agreement." This portion of Arredondo's petition clearly refers to the company's collective bargaining agreement with the Communications Workers of America, Arredondo's Union. Breach of contract claims with respect to collective bargaining agreements are automatically preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). <u>Parham v. Carrier Corp.</u>, 9 F.3d 383, 390 (5th Cir. 1993).

Arredondo also sought damages in the form of pension and retirement benefits for the alleged breach of contract. In order to calculate the amount of these damages, the court would necessarily have to refer to Southwestern Bell's employee benefit plan. A claim is preempted by § 514(a) of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a), if it relates to an employee benefit plan. A claim relates to an ERISA plan if it has some connection with or reference to such a plan. <u>Ingersoll-Rand Co. v. McClendon</u>, 498 U.S. 133, 139 (1990). Where a court must refer to an ERISA plan to determine retirement benefits and calculate damages in accordance therewith, the claim

4

relates to an ERISA plan and is preempted. See Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1218-20 (5th Cir.), cert. denied, 113 S.Ct. 68 (1992); Cefalu v. B.F. Goodrich Co., 871 F.2d 1290, 1294 (5th Cir. 1989).

Arredondo contends that the district court erred by denying him leave to amend his complaint so as to delete any references to the collective bargaining agreement or the employee benefit plan. Whether a party should be allowed to amend his pleadings is a decision left to the sound discretion of the district court and reviewed for abuse of discretion. Moody v. FMC Corp., 995 F.2d 63, 65 (5th Cir. 1993). Arredondo did not seek leave to amend his complaint until three years after the action had been filed. By that time, discovery had closed, the deadline for dispositive motions had passed, and summary judgment had been granted. In light of the excessive delay and the potential prejudice to Southwestern Bell, we find that the district court did not abuse its discretion by denying Arredondo leave to amend.

Arredondo argues that the district court erred by granting summary judgment to Southwestern Bell on his wrongful termination claim. Arredondo contends that he presented sufficient circumstantial evidence to raise a genuine fact issue as to whether Southwestern Bell terminated his employment in retaliation for filing a workers' compensation claim. In pursuing an article 8307c claim, the plaintiff has the burden of "establishing a causal nexus between his filing of a workers' compensation claim and his

discharge by his employer." Parham, 9 F.3d at 386. Arredondo failed to present evidence linking his filing of a workers' compensation claim and his termination.

Arredondo argues that Southwestern Bell's repeated requests for medical substantiation constitute "discriminatory and excessive demands" and are proof of retaliation. Arredondo states that "[i]f he had not filed the claim, Defendant would not have required the additional documentation and exhaustive medical opinions." Arredondo presents no evidence to support this assertion, and the undisputed evidence shows that medical substantiation is required by the terms of the employee benefit plan. Arredondo contends that the requests were excessive. However, there is no evidence that these requests were inordinate in light of the benefit plan's requirements or the particulars of the situation. Arredondo asserts that other employees were not subjected to the same demands for medical information, but he fails to show that other employees in his position, namely employees suffering an alleged relapse after fifteen months, were not required to provide similar documentation. Furthermore, Arredondo presents no support for the contention that Southwestern Bell only required extensive documentation from employees who filed workers' compensation claims. Finally, Arredondo claims that he complied with Southwestern Bell's requests for medical substantiation, yet the record clearly shows that Southwestern Bell never received adequate

documentation of a total inability to work as required by the benefit plan.

Arredondo asserts that he presented sufficient circumstantial evidence to survive summary judgment. We disagree. Viewing all evidence in the light most favorable to Arredondo, and making all reasonable inferences therefrom, there is simply no evidence of a causal connection between Arredondo's termination and his filing a workers' compensation claim over two years earlier.

Finally, Arredondo contends that the district court applied the wrong legal standard in granting Southwestern Bells' motion for summary judgment. Arredondo argues that the district court erroneously applied an "arbitrary and capricious" standard to his sole claim of retaliation. This argument is without merit. The district court properly applied an "arbitrary and capricious" standard in upholding Southwestern Bell's denial of disability benefits. See Duhon v. Texaco, Inc., 15 F.3d 1302, 1305 (5th Cir. 1994)(holding that where a plan administrator is given full and final authority with respect to claims for employee benefits, final decisions are reviewed under an abuse of discretion or "arbitrary and capricious" standard). This determination, however, had no relation to Arredondo's wrongful termination claim.

AFFIRMED.