**Carol DAVES, Plaintiff-Appellant,**

v.

**PAYLESS CASHWAYS, INC., Defendant-Appellee.**

**No. 80–1333.**

United States Court of Appeals, Fifth Circuit.*

Unit A

Nov. 20, 1981.

---

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

**1024**

Daves, McCabe & Crews, Martha McCabe, Tyler, Tex., for plaintiff-appellant.

Blackwell, Sanders, Matheny, Weary & Lombardi, William C. Nulton, Kansas City, Mo., Wilson, Miller, Spivey, Sheehy, Knowles & Hardy, James W. Knowles, Tyler, Tex., for defendant-appellee.

Before THORNBERRY, REAVLEY and POLITZ, Circuit Judges.

THORNBERRY, Circuit Judge:

Carol Daves, a white female, sued Payless Cashways, Inc., for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. She appeals from the district court's finding that she failed to establish a prima facie case of sex discrimination in Payless' failure to hire her as a salesperson at their store in Tyler, Texas. We affirm.

Appellant objects first to the trial court's denial of leave to amend her original complaint. This contention constitutes the heart of this appeal, for the trial court's refusal effectively precluded appellant from proving a prima facie case for relief under Title VII. We cannot say, however, that the trial court's denial amounts to an abuse of discretion.

Rule 15(a), Fed.R.Civ.Proc., mandates that leave to amend "be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Nilsen v. City of Moss Point, Mississippi*, 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion, the trial court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663 (5th Cir. 1981).

Viewing appellant's request as trying to change the cause of action after the case had been set for trial, the trial court denied her motion to amend as untimely. The original complaint alleged that plaintiff was denied employment as a salesperson in the plumbing and electrical department. Her amended complaint stated that she was denied employment by Payless in the sales/receiving department. The latter division of Payless encompasses a much broader range of potential job openings and, therefore, substantially alters what must be proved to recover under Title VII. The amendment thus represents more than an "alternative" theory for recovery. *See Foman v. Davis, supra*, 371 U.S. at 182, 83 S.Ct. at 230.

Appellant did not move to alter the grounds alleged to support her recovery until the day of trial, February 6, 1980, nineteen months after this litigation had commenced and thirty-three months after plaintiff had filed an EEOC charge alleging sex-based discrimination in hiring practices. Her situation closely resembles that of the plaintiff in *Addington, supra*, where we found that the facts warranted the trial court's refusal to allow amendment. In both cases the motion to amend came more than a year after institution of the suit, the parties had terminated discovery, and the delay passed unexplained. 650 F.2d at 667.

At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive. Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time. *See Rohner, Gehrig & Co. v. Capital City Bank*, 655 F.2d 571 (5th Cir. 1981), *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967). While we must give a party a fair chance to present claims and defenses, we also must protect "a busy district court [from being] imposed upon by the presentation of theories seriatim." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981), citing *Continental Gin, supra*, 381 F.2d at 469; *Nilsen v. City of Moss Point, Mississippi, supra*, 621 F.2d at 122. Considering a motion on the eve of trial after discovery and after an unexplained nineteen-month delay, the trial court acted within its discretion in refusing to allow appellant to amend her complaint.[1]

Though she was unable to amend, appellant contends nevertheless that she established a prima facie case as set out in her original complaint. To meet her prima facie burden as an individual plaintiff, appellant must show (1) that she belongs to a group protected by Title VII, (2) that she applied for a job for which applicants were being sought, (3) that she was rejected, and (4) that after she was rejected, the employer continued to seek applicants with similar qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Walker v. Jim Dandy Co.*, 638 F.2d 1330, 1333 (5th Cir. 1981).[2] The trial court found that appellant failed to meet the second and fourth elements of *McDonnell Douglas.* We agree.

Appellant submitted her application to Payless for a fulltime sales position in response to a sign in the window. The sign did not describe the type of work available, but the manager for Payless testified that he was seeking applicants specifically for work in the yard.[3] This yard position had been filled two days prior to April 16, 1977, the day appellant applied at Payless. Payless never sought or hired anyone for the sales position requested by appellant. Within ninety days of appellant's application, Payless promoted two men from other departments in its store to plumbing and electrical sales. These transfers were consistent with a Payless policy of promoting employees into sales from less desirable positions, rather than hiring new people to fill the more coveted job openings.[4] Since a

---

1. In *Bamm, Inc. v. GAF Corp.*, 651 F.2d 389 (5th Cir. 1981), this Court found an abuse of discretion in the trial court's denial, but plaintiff's motion was made prior to the pretrial conference and before discovery was complete. Moreover, the judge kept the case on the docket for five months while he considered the motion to amend. None of these facts is present to assist the plaintiff in this case.

2. We recognize that *McDonnell Douglas* does not provide the only way to establish a prima facie case of discriminatory treatment under Title VII. *Hedrick v. Hercules, Inc.*, 658 F.2d 1088, 1093 n. 4 (5th Cir. 1981). Departures from its four requirements are rare, however, because it accurately reaches in most instances the basic wrong that Title VII aims to correct. When direct proof of discrimination is undisputed in the record—which is not the case here—this Court has found discrimination without adhering strictly to *McDonnell Douglas. E. g., Ramirez v. Sloss*, 615 F.2d 163, 169 (5th Cir. 1980) (municipal employer had a written unconstitutional policy excluding resident aliens, a protected class).

3. Payless divides its employee positions into three departments for payroll administration: cashier/office, sales/receiving, and yard. Appellant testified that she applied for sales because Ms. Rooks, a cashier, told her that a position was open in plumbing and electrical sales. Ms. Rooks contradicted appellant's testimony. Further, the Payless store manager stated, and the trial court found, that Ms. Rooks lacked any authority in hiring and that, therefore, she was not qualified to give information about employment practices. Thus, we cannot say that the trial court was clearly erroneous in finding that Payless was not seeking applicants for sales positions.

4. The evidence reveals only one exception to this policy. Before appellant applied for a job with Payless, it hired a man to work in plumbing and electrical sales who had one year of experience as electrical department manager for Montgomery Ward. His experience may explain why Payless made an exception to employ him directly. A single exception does not convince us that the trial court's finding of a

position in plumbing and electrical floor sales could only be available to employees who had started in the receiving or yard departments, it could never be open to anyone, like appellant, who comes in off the street looking for a job in sales. Under these circumstances, we refuse to find that appellant applied for a job for which applicants were being sought or that Payless was seeking applications after rejecting appellant. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *Johnson v. Uncle Ben's, Inc.*, 657 F.2d 750, 753–54 (5th Cir. 1981).

Appellant has tried to convince us that the line of progression for promotion—from yard to receiving to sales—is itself discriminatory because it prevents her employment. This argument is unpersuasive. Though statistical data in the record [5] shows that few women are employed in the yard or in receiving, we cannot know whether Payless would have discriminated against appellant at those entry levels since she only applied for a position in sales. Moreover, while systems of promotion are certainly objectionable when they prefer one group of employees over another for impermissible reasons, the party objecting to the system is typically an employee wanting to advance, rather than someone attempting to be hired directly into an upper level. *See Fisher v. Procter & Gamble Manufacturing Co.*, 613 F.2d 527, 543–44 (5th Cir. 1980), *cert. denied*, 449 U.S. 1115, 101 S.Ct. 929, 66 L.Ed.2d 845 (1981); *Crawford v. Western Electric Co., Inc.*, 614 F.2d 1300, 1311–14 (5th Cir. 1980); *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1192–98 (5th Cir. 1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979).

Our research discloses no cases in this Circuit wherein an outsider disputes the legality of a promotion system because it precludes her initial employment at an upper level in the company. The Ninth Circuit addressed this circumstance in *Gates v. Georgia-Pacific Corp.*, 492 F.2d 292 (9th Cir. 1974), and concluded that the plaintiff had established a prima facie case. Its finding was based on two significant facts, which led the court to believe that the defendant had abandoned its promotion policy. First, the defendant in *Gates* advertised in daily newspapers to fill the specific vacancies for which the plaintiff applied. Second, the defendant filled one of the four advertised openings by hiring, rather than by transfer. *Id.* at 296. The court also noted that the plaintiff was clearly more qualified than the man who was hired. None of these facts are proven here.

Appellant has fallen short of meeting her prima facie burden for a very simple, and fundamental, reason. She failed in the first instance to place herself in a position where Payless' promotion policy would have considered her available for the job she sought. See *Wilkins v. University of Houston*, 654 F.2d 388, 407–10 (5th Cir. 1981). Thus, we affirm the judgment of the district court.

AFFIRMED.

---

legitimate promotion-from-within policy is clearly erroneous.

**5.** Appellant objects to the trial court's failure to find discriminatory practices based on statistics offered at trial that show the number of women employed in each department of Payless. The trial court admitted into evidence the statistical data offered by appellant. Under *Terrell v. Feldstein Co., Inc.*, 468 F.2d 910, 911 (5th Cir. 1972), this is all it need do: "Although statistical evidence of a pattern or practice of

discrimination is of probative value in an individual discrimination case . . . it is not determinative of an employer's reason for the action taken against the individual grievant." *See also Davis v. Califano*, 613 F.2d 957, 962 (D.C. Cir.1979). The trial court must have viewed appellant's statistics as less probative of discrimination against her since she was neither an employee seeking advancement nor a female applicant for a position in the yard.