**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Plaintiff,**

v.

**Leonard Lavern LONG, Molly Faye Long and Ola Long, Defendants.**

No. B–C–86–18.

United States District Court, E.D. Arkansas, N.D.

May 26, 1987.

David Hodges, Henry Hodges, Little Rock, Ark., for defendants.

Wright, Lindsey & Jennings, Little Rock, Ark., for plaintiff.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

By order of April 1, 1987 the court deferred ruling on the motions made by the separate defendant, Leonard Lavern Long (Long), for leave to file a second amended answer and to engage in further discovery, in order to allow Long the opportunity to submit a brief informing the court of (1) the factual basis for the proposed amendments, (2) any reasons why said amendments could not have been timely asserted and (3) why discovery was not commenced in a timely manner. By order of April 22, 1987 Long was granted additional time, until May 8, 1987, in which to submit said brief. On that day, May 8, Long instead filed a "Motion to Reconsider and Motion for other Relief." For the following reasons Long's motions to amend his answer, to engage in further discovery and to reconsider or for other relief are denied.

The background of this case with respect to Long's motions was discussed in the court's April 1 order, the relevant portion of which provides:

In his response to the FDIC's motion, Long moves the court for leave to file a second amended answer and to engage in further discovery. The court views these motions in light of the history of this case. The FDIC filed this action in February, 1986, and a trial date was set for April, 1987, in Judge Howard's court. Discovery was to be completed by March 6, 1987. On the last day for discovery, March 6, Long filed a motion for leave to file a second amended answer (leave to amend having previously been granted only two weeks prior), and filed a notice of deposition in violation of the earlier scheduling order. Leave to amend was denied and the notice of deposition was vacated by Judge Howard. Now, taking advantage of a continuance necessitated

by transfer of this case to this court's docket, Long renews his motions to amend and for leave to engage in further discovery.

Specifically, Long now seeks to add to his answer allegations that the FDIC did not purchase the assets of JCNB in its corporate capacity; that the FDIC negligently supervised JCNB thereby causing JCNB's closing; and that the FDIC did not act in good faith.

This is not a complex lawsuit. The FDIC, in its corporate capacity as receiver for the failed Jackson County National Bank (JCNB), is alleging default on three promissory notes purportedly executed by Long in favor of JCNB, one of which was allegedly secured by a deed of trust. Notwithstanding the straightforward nature of the suit, two extensions of time which gave Long a total of nearly three months to file his original answer, leave granted to file a first amended answer asserting four new affirmative defenses and the expiration of the time allowed for discovery, Long now argues that he is entitled to file a second amended answer.

 It is significant that Judge Howard emphasized, in his order of March 17, 1987 denying Long's motion to amend a second time, that "[n]o explanation has been offered as to why the issues now raised could not have been raised in a timely manner." (Order of March 17, 1987). Long's only argument before Judge Howard and before this court, even though given more than ample opportunity to explain the reasons for delay, is that a litigant is entitled to amend the pleadings in order to respond to a motion for summary judgment. Long cites no authority for such an overly broad statement of the law and, indeed, there appears to be none. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 139 (1st Cir.1985) (late motion for summary judgment in itself does not justify an excessive delay in moving to amend). It should be emphasized that Long's proposed amendments do not respond to assertions made for the first time in the FDIC's motion for partial summary judgment or to the facts which appear in the attached affidavits. Rather, they are defenses which could have been raised in the original answer (which Long had three months to file) and for which the factual basis, if any, could easily have been discovered in the time allowed. It is elemental that it is the duty of an attorney to prepare a case properly and to give the issues a full consideration before preparing pleadings. *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097 (5th Cir.1979). Moreover, the court's April 1 order specifically directed Long to submit a brief informing the court of the factual basis for his proposed amendments, why they could not have been timely asserted and why discovery was not commenced in a timely manner. Despite an extension of time granted by the court, no such brief has been filed.

 Federal Rule of Civil Procedure 15(a) provides that when leave of court is required to amend a pleading it "shall be freely given when justice so requires." However, the right to amend is not absolute nor is it automatic. *Martens v. Hummell*, 587 F.2d 862 (7th Cir.1978); *Best Canvas Products & Supplies v. Ploof Truck Lines*, 713 F.2d 618 (11th Cir.1983). Rather, the decision whether to grant leave to amend is within the trial court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1977). Among the factors which may be considered are undue delay, bad faith, dilatory motive, failure to cure deficiencies by amendments previous allowed, undue prejudice to the opposing party and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

 A motion to amend may be properly denied where, as here, it comes more than a year after institution of the suit, discovery has been terminated and the delay is unexplained. *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981); *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 667 (5th Cir.1981); *Morgan Guaranty Trust Co. of New York v. Blum*, 649 F.2d 342

(5th Cir.1981); *Tatum v. Frisco Transportation Co.,* 626 F.2d 55 (8th Cir.1980) (moving party had sufficient opportunity to amend but without good reason failed to do so); *Doe v. McMillan,* 566 F.2d 713 (8th Cir.1977) (no sound reason for not amending earlier); *Frank Adam Electric Co. v. Westinghouse Electric Mfg. Co.,* 146 F.2d 165 (8th Cir.1945) (failure to show oversight, inadvertence or excusable neglect). As expressed so well in *Daves:*

> [a]t some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even where there is no evidence of bad faith or dilatory motive. Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time. While we must give a party a fair chance to present claims and defenses, we also must protect "a busy district court (from being) imposed upon by the presentation of theories seriatim." (citations omitted)

661 F.2d at 1025.

As a practical matter, any delay in asserting an affirmative defense for a significant period of time will almost invariably result in some prejudice to the nonmoving party. *Evans v. Syracuse City School District,* 704 F.2d 44, 46–47 (2nd Cir.1983), quoting *Advocat v. Nexus Industries, Inc.,* 497 F.Supp. 328, 331 (D.Del.1980). Where a defense could have been asserted at the inception of the case, as Long's could have been, vacillation can cause the other party irreparable injury. 704 F.2d at 47, quoting *Strauss v. Douglas Aircraft Co.,* 404 F.2d 1152, 1155 (2nd Cir.1968) (referring to defenses of statute of limitations and *res judicata,* respectively). In fact, when discovery is complete and trial strategy planned the addition of a new defense results in a delay in the resolution of a case which may, in itself, be considered prejudicial. *Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 139 (1st Cir.1985), citing *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1 (1st Cir.1983).

■ The prejudice to the FDIC if Long is permitted to amend is apparent. After fourteen months of trial preparation and planning, Long now seeks to add defenses which would, in effect, make this an entirely new and significantly more complex lawsuit. Discovery would have to be reopened and the resolution of this case, if its past history is any indication, would be delayed indefinitely. Partial summary judgment has already been granted against Long with regard to defenses which the court found to have no merit whatsoever. This, combined with Long's failure to brief the court on the factual basis for his proposed amendments as ordered, leads the court to conclude that said amendments are without a basis in fact and are raised solely for the purpose of delay. Neither the FDIC, having a material interest in the timely resolution of its claim, nor the court should be forced to tolerate such dilatory tactics which serve only to impede the interests of justice.

Accordingly, the court finds that the motion of separate defendant, Leonard Lavern Long, for leave to file a second amended answer should be, and is hereby, denied. The court declines to reopen discovery or to reconsider its April 1 order granting partial summary judgment and, to the extent the separate defendant, Leonard Lavern Long, requests same, those motions are denied. Paragraph 5 of Long's "Motion for other Relief" requests that the court enter an order compelling discovery. Because no brief has been filed as required by Local Rule 20, Eastern and Western Districts of Arkansas, Long's motion to compel will be denied. Said motion may be renewed, however, if submitted properly.