United States Court of Appeals,

Fifth Circuit.

No. 92-7753

Summary Calendar.

Corliss MOODY, Phillip Moody, et al., Plaintiffs.

Corliss Moody and Phillip Moody, Plaintiffs-Appellants,

v.

FMC CORPORATION, Defendant-Appellee.

July 9, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this products liability case, the plaintiffs attempted to amend their pleadings on the third day of the trial. Noting the delay and prejudice to the defendants, the magistrate judge refused to allow the amendment and refused to submit the question on the new issue to the jury. After the jury found for the defendants, the plaintiffs brought this appeal challenging the magistrate judge's rulings on the amendment and the jury question. Because the magistrate judge did not abuse her discretion, we affirm.

I

In 1988, Corliss Moody worked as an apprentice boilermaker for Joy Manufacturing. In October of 1988, Moody was installing ductwork between two buildings at the Houston Power & Lighting plant in Fort Bend County, Texas. The ductwork was approximately five stories above the ground. Joy Manufacturing used a linkbelt HC-218A crane with a personnel basket attached to transport Moody to and from the area where she was working. FMC Corporation ("FMC") designed and manufactured the linkbelt HC-218A crane.

On October 31, 1988, Moody stepped into the personnel basket so that the crane operator could lower her to the ground. The crane operator pulled the wrong lever and sent the personnel

basket into a free fall. After letting the basket fall thirty feet, the crane operator stopped it, suddenly slamming Moody to the bottom of the basket. Moody injured her foot, ankle, and back in the accident.

## II

On April 19, 1990, Moody and her husband sued FMC alleging that FMC's crane was defective because the control levers were so close to each other that they were easily confused. The Moodys' complaint asserted two causes of action: design defect and negligence. The parties tried the case to a jury between August 31 and September 3, 1992. At trial, the Moodys tried to introduce a new issue concerning the adequacy of the warnings that FMC provided. FMC first brought up the warnings in its opening statement and both parties introduced evidence relating to the warnings. FMC, however, contended that the evidence was directly relevant to its affirmative defenses and that it did not consent to try a new issue. Based on FMC's objections, the district court denied the Moodys' motion to amend their pleadings and also refused to submit their proposed jury interrogatory regarding the adequacy of the warnings.

After deliberating for approximately fifteen minutes, the jury rejected both of the Moody's theories of liability and returned a verdict in favor of FMC. On September 25, 1992, the magistrate judge denied the Moodys' motion for a new trial and entered a take nothing judgment in favor of FMC. The Moodys appeal.

## III

## A

We begin with the Moodys' contention that the magistrate judge erred when she denied their motion to amend their pleadings pursuant to Rule 15(b) of the Federal Rules of Civil Procedure. Whether a party should be allowed to amend his pleadings is a decision that we leave to the sound discretion of the district court, and we review only for an abuse of that discretion. *Union Planters Nat. Leasing v. Woods,* 687 F.2d 117, 121 (5th Cir.1982); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663 (5th Cir.1981).

Rule 15(b) provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The Moodys argue that FMC impliedly consented to try the adequacy of the warnings when FMC introduced its own evidence about the warnings and failed to object to plaintiffs' evidence relating to the warnings. We disagree. The evidence on the warnings was relevant to issues already in the case. A party does not consent to try new issues unless he could reasonably be expected to recognize that a new issue entered the case. *Domar Ocean Transport v. Independent Refining Co.,* 783 F.2d 1185, 1188 (5th Cir.1986). Nor does a party consent to try a new issue by introducing evidence or failing to object to evidence when the evidence is relevant to pleaded issues in the case. *Jimenez v. Tuna Vessel Granada,* 652 F.2d 415, 422 (5th Cir.1981); *International Harvester Credit Corp. v. East Coast Truck and R.V. Sales, Inc.,* 547 F.2d 888, 890 (5th Cir.1977).

The evidence on warnings was relevant to FMC's defenses. In its pleadings and at trial, FMC contended that Joy Manufacturing and its personnel were solely responsible for Moody's injuries. FMC introduced the evidence on the warnings to show that Joy Manufacturing and its personnel, by disregarding the warnings, were negligent and that their negligence caused the accident. When the Moodys tried to interject an issue about the adequacy of the warnings into the trial, FMC vigorously objected.[1] Thus, it was not an abuse of discretion for the district court to conclude that FMC did not consent to try as an issue in the case the legal adequacy of the warnings.

Despite FMC's objection, the magistrate judge still might have abused her discretion if allowing the amendment would have promoted justice without prejudicing FMC's interests. In

---

[1]The magistrate judge clearly believed that the evidence about the warnings was relevant to FMC's affirmative defenses because the magistrate judge commented that "I'm not sure adequacy really is the issue here.... [FMC] is trying to blame Joy Technologies for not behaving in a safe and prudent manner in light of those items."

deciding whether to allow an amendment over a party's objection, the district court should consider, *inter alia,* 1) the interests of justice, 2) potential prejudice to the objecting party, and 3) whether the requesting party unduly delayed its request. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1024 (5th Cir.1981). Here, there is no question that the Moodys unduly delayed their request to amend their pleadings. The parties had been litigating this case for over two years. The parties had conducted extensive discovery, hired expert witnesses, and the trial was already underway. The Moodys did not move to amend their pleadings until the third day of the trial. This delay alone might be enough to justify the magistrate judge's decision. *See Daves,* 661 F.2d at 1025 ("Considering a motion on the eve of trial after discovery and after an unexplained nineteen-month delay, the trial court acted within its discretion in refusing to allow appellant to amend her complaint.")

Furthermore, we think that allowing the amendment would not have served the interests of justice; it would have prejudiced FMC because FMC did not know that the legal adequacy of its warnings was going to be litigated as an issue. The issue did not come up during discovery and the Moodys' expert did not refer to it in his report. Indeed, before trial, the Moodys did not include a question relating to the adequacy of the warnings in their proposed questions to be submitted to the jury. It was only after the trial had begun that the Moodys asked the magistrate judge to submit a jury question on this issue. These circumstances convince us that FMC simply had no opportunity to prepare a defense on the legal adequacy of its warnings; and this was true even though, as part of its affirmative defenses, FMC introduced some evidence relating to the content of the warnings. Thus, the magistrate judge did not abuse her discretion when she refused to allow the Moodys to amend their pleadings.

B

We now turn to the Moodys' contention that the magistrate judge erred when she refused to submit to the jury their proposed jury question relating to the adequacy of the FMC's warnings. Whether to submit a proposed interrogatory to the jury is—as in the case of pleading amendments—a decision left to the district court's sound discretion. *Trinity Carton Co. v. Falstaff Brewing Corp.,*

767 F.2d 184, 192 (5th Cir.1985).

The Moodys' argument that the magistrate judge erred in this respect assumes that she erred when she refused to allow the Moodys to amend their pleadings. We have just held that the magistrate judge did not abuse her discretion in refusing the amendment. Given this ruling, the adequacy of the warnings was not an issue in the case. It follows that the magistrate judge did not abuse her discretion when she refused to submit such a question to the jury.

IV

For the foregoing reasons, the decision of the district court is

AFFIRMED.