Al VERA, Edward Chen, Pauline Orcutt, Edward Blum, Kenneth Powers and Barbara L. Thomas, Plaintiffs,

v.

George W. BUSH, in his official capacity as Governor of the State of Texas, Bob Bullock, in his official capacity a Lt. Governor and President of the Texas Senate, Dan Morales, in his official capacity as Attorney General for the State of, Pete Laney, in his official capacity as Speaker of the Texas House of Representatives, and Antonio Garza, in his official capacity as Secretary of State of the State of Texas, Defendants.

No. CIV.A. H–94–0277.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 15, 1997.

Paul Loy Hurd, Monroe, LA, Ted Hirtz, Houston, TX, Daniel E. Troy and Thomas W. Kirby, Wiley Rein & Fielding, Washington, DC, for Plaintiffs.

Richard E. Gray, III, Gray & Becker, Austin, TX, Javier Aguilar, Deborah Anne Verbil, Office of Atty. Gen., Austin, TX, for Defendants George Bush, Dan Morales, Bob Bullock, Antonio Garza and Pete Laney.

Robert A. Kengle, Steven H. Rosenbaum and Gary L. Hume, U.S. Dept. of Justice, Washington, DC, Nancy Herrera, U.S. Attorney's Office, Houston, TX, for U.S., Defendant–Intervenor.

Elaine Jones and Penda Hair, NAACP Legal Defense & Educ. Fund, Inc., Washington, DC, for Defendants–Intervenors William Lawson, et al.

Judith A. Sanders–Castro, Mexican–American Legal Defense & Educ. Fund, San Antonio, TX, for Defendants–Intervenors LULAC and Robert Reyes, et al.

Luis Wilmot and Alabert H. Kauffman, Mexican American Legal Defense & Educ. Fund, San Antonio, TX, for Defendants–Intervenors MALDEF.

J. Gerald Herbert, Alexandria, VA, for Amicus Eddie Bernice Johnson.

Keith P. Ellison, Law Office of Keith P. Ellison, Houston, TX, for Amici Sheila Jackson Lee and Gene Green.

---

1. Plaintiff's Motion to File Supplemental and Amending Complaint seeks to add new plaintiffs from only Districts 5 and 24. Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Filing of Supplemental and Amending Complaint refers to Districts 5, 19, and 24 on pages 1–2, but only

Before EDITH H. JONES, Circuit Judge, and HITTNER and HARMON, JJ.

## ORDER

Pending before this Court are several motions for which the Court has carefully considered the pleadings and arguments of counsel. The disposition of the listed motions is as follows:

1. Motion to File Supplemental and Amending Complaint, filed July 11, 1997, by plaintiffs is DENIED.

2. Motion to Intervene as Defendants, filed July 30, 1997, on behalf of the Honorable Ken Bentsen, the Honorable Martin Frost, the Honorable Gene Green, the Honorable Eddie Bernice Johnson, the Honorable Nick Lampson, and the Honorable Sheila Jackson Lee is DENIED.

3. Conditional Motion for Leave to Intervene as Plaintiff–Intervenor by the Honorable Joe Barton, filed August 22, 1997, is DENIED.

A brief explanation of our reasons is in order.

1. *Motion to File Supplemental and Amending Complaint*
   A. *Rule 15(a)*

Plaintiffs seek leave of this Court to file an amended complaint and to add new plaintiffs pursuant to Federal Rules of Civil Procedure 15(a) and 21 in order to challenge the constitutionality of congressional Districts 5, 19, and 24 in addition to the districts modified in this Court's 1996 interim redistricting plan.[1] As new plaintiffs may be added to an action under Rule 15(a), *see* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1474, at 549–52 (2d ed.1990), and the same standard applies for adding new parties under either Rule 15(a) or Rule 21, *see id.* § 1474 (2d ed. Supp.1997), we will address the plaintiffs' motion as one to amend their complaint and add additional plaintiffs under Rule 15(a).

Districts 5 and 24 on page 6. Finally, Plaintiffs' Supplemental and Amending Complaint states challenges to Districts 5, 19, and 24. For the purposes of this Order, the Court will assume that the plaintiffs intended to seek leave to add new plaintiffs from all three districts.

█ ·Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Although Rule 15(a) "'evinces a bias in favor of granting leave to amend,' it is not automatic." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir.1996) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981)), *cert. denied*, ── U.S. ──, 117 S.Ct. 686, 136 L.Ed.2d 611 (1997). Determining whether to grant leave rests within the sound discretion of the trial court. *See id.* In considering whether to grant leave to amend, a court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *See id.* (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). A court may not deny leave to amend unless it has a substantial reason for doing so. *See id.* We find that plaintiffs' unexcused and undue delay in seeking leave to amend justifies denying their motion.

█ While delay itself need not result in denial of leave to amend, at some point in time delay becomes fatal. *See Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir.1982). "When there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect." *See id.* (citing *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir.1981)). In the case at hand, plaintiffs offer no explanation for their lengthy delay in seeking to amend their complaint and add new plaintiffs.[2]

Plaintiffs' original complaint was filed on January 26, 1994. In August 1994, this Court found Texas congressional Districts 18, 29, and 30 to be unconstitutional and twenty-one other districts (including Districts 5, 19, and 24) to be constitutional. *See Vera v. Richards*, 861 F.Supp. 1304 (S.D.Tex.1994), *aff'd*, 517 U.S. 952, 116 S.Ct. 1941, 135 L.Ed.2d 248 (1996) [hereinafter *Vera I* ]. This Court held in *Vera I* that plaintiffs had standing to challenge all twenty-four allegedly unconstitutional congressional districts. *Id.* at 1331 n. 38. State defendants appealed to the Supreme Court of the United States regarding the unconstitutionality of Districts 18, 29, and 30, and the Supreme Court affirmed in June 1996. *See Bush v. Vera*, 517 U.S. 952, 116 S.Ct. 1941, 135 L.Ed.2d 248 (1996). In the interim, the Supreme Court held in June 1995 in *United States v. Hays*, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), that in order for a plaintiff to have standing in a *Vera*-type action, he or she must reside in the challenged district. *Id.* at 744–46, 115 S.Ct. at 2436. The *Vera* plaintiffs are residents of only Districts 18, 25, 29, and 30. Undoubtedly because of *Hays*, the plaintiffs did not pursue a cross-appeal to the Supreme Court on the twenty-one districts declared constitutional in *Vera I*. The remedial phase of the Vera litigation focused on Districts 18, 29, and 30. This Court's interim redistricting plan, formulated in August 1996 for the 1996 Texas congressional elections, did change the boundaries of Districts 5 and 24 as an inevitable consequence of remedying the unconstitutional boundaries of District 30 in the Dallas–Fort Worth area. The plaintiffs did not seek to amend their complaint or add additional plaintiffs during the boundary-revision phase of the case. Our August 1996 remedial Order instructed the Texas Legislature to redistrict Texas's congressional dis-

---

**2.** Plaintiffs argue that courts in two other redistricting cases allowed the addition of new plaintiffs under similar procedural circumstances. The plaintiffs are incorrect. The procedural postures of their two cited cases were significantly different from this case.

After the Supreme court's decision in *United States v. Hays*, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), the district court permitted the plaintiffs to amend their complaint and add new plaintiffs in order to challenge the same district previously declared unconstitutional by the district court but which the Supreme Court had found the plaintiffs lacked standing to challenge. *See Hays v. Louisiana*, 936 F.Supp. 360, 364–66 (W.D.La.1996). The plaintiffs in the Louisiana case sought to add new plaintiffs in order to correct a standing defect and reach the merits of their case on remand. In contrast, the plaintiffs in this case have fully litigated their challenges to Districts 5, 19, and 24.

Finally, we note that the plaintiffs in both the Georgia and Louisiana cases appear to have filed timely motions to amend their complaints. *See also* fn. 3, *infra.*

tricts by June 30, 1997, as our redistricting plan was an interim plan for the 1996 elections alone. The Texas Legislature failed to so act, and only then did the plaintiffs seek to amend their complaint-approximately one year after the Supreme Court affirmed *Vera I*, and one year after we implemented our 1996 interim congressional redistricting plan. While such a lengthy delay need not be fatal in and of itself, it is fatal when unexcused.[3] Plaintiffs' pleadings lack any explanation for their delay in seeking to add new plaintiffs to address *Hays*'s standing requirement.

■ We note, however, that the motion before us concerns whether the *present* plaintiffs may amend their complaint and add new plaintiffs from Districts 5, 19, and 24. Although our previous decision affirming the constitutionality of those and other Texas congressional districts binds the original plaintiffs as a matter of *res judicata, see Southern Pac. R.R. Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27–28, 42 L.Ed. 355 (1897), it cannot bind non-parties to this case who have standing under *Hays*. This opinion does not prevent the proposed new plaintiffs from bringing their claims in another action.

2. *Motion to Intervene as Defendants on behalf of the Honorable Ken Bentsen, the Honorable Martin Frost, the Honorable Gene Green, the Honorable Eddie Bernice Johnson, the Honorable Nick Lampson, and the Honorable Sheila Jackson Lee*

This Court has previously denied intervention to Congressmembers Bentsen, Frost, and Lampson, although we allowed Congressmembers Green, Jackson Lee, and Johnson to participate as *amici curiae* during the remedial phase of the litigation. The Congressmembers now move to intervene on the ground that if the plaintiffs' motion to amend their complaint and add new plaintiffs is granted, their districts will be directly affected and their intervention is necessary to properly protect their interests. Because plaintiffs' motion to amend is denied as ex-

plained above, authorizing intervention would serve no purpose. The Court has considered the Congressmembers' motion pursuant to the standards of both Federal Rule of Civil Procedure 24(a)(2) and 24(b), and the motion is DENIED.

3. *Conditional Motion for Leave to Intervene as Plaintiff–Intervenor by the Honorable Joe Barton*

Congressman Barton moves to intervene on the ground that if the Plaintiffs' motion to amend their complaint and add new plaintiffs is granted, his district will be directly affected and intervention is necessary to properly protect his interests. Because Plaintiffs' motion to amend is denied as explained above, Congressman Barton's intervention would serve no purpose. The Court has considered the Congressman's motion pursuant to the standards of both Federal Rule of Civil Procedure 24(a)(2) and 24(b), and the motion is DENIED.

IT IS SO ORDERED.

3. Contrast the plaintiffs' motion to add new parties with the course of events in *Johnson v. Miller*, 922 F.Supp. 1556, 1559 (S.D.Ga.1995), aff'd., — U.S. —, 117 S.Ct. 1925, 138 L.Ed.2d 285 (1997). After the Supreme Court's decision in *Miller v. Johnson*, 515 U.S. 900, 115 S.Ct. 2475, 132 L.Ed.2d 762 (1995), the plaintiffs there promptly amended to add new parties and chal-

lenge an additional district. The Court was able to rule on the new challenge in time to include the new district in a court-ordered plan covering the 1996 elections. Our Court never had the opportunity to reconsider the implications of *Hays*, which plaintiffs now seek to press, before or in conjunction with its 1996 remedial proceeding.