

**FILED**
July 11, 2022 11:15 AM
ST-2018-CV-00138
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| ANDREA V. SMITH,     ) | |
|     ) | |
| Plaintiff,     ) | **Case No. ST-18-CV-138** |
|     ) | |
| v.     ) | |
|     ) | **Action for Breach of Contract,** |
| THE WEST INDIAN COMPANY, LIMITED     ) | **Breach of Covenant of Good Faith** |
|     ) | **and Fair Dealing** |
| Defendant.     ) | |
|     ) | |

**APPEARANCES:**
Karin A. Bentz, Esquire
Law Office of Karin Bentz
7605 Lower Hull
St. Thomas, Virgin Islands
*For Plaintiff*

Shari N. D'Andrade, Esquire
Kellerhals Ferguson & Kroblin PLLC
Royal Palms Professional Building
9053 Estate Thomas, Suite 101
St. Thomas, Virgin Islands
*For Defendants*

**2022 VI Super 64U**

### MEMORANDUM OPINION AND ORDER

¶1     **THIS MATTER** is before the Court on the following:

1. Plaintiff's Motion for Reconsideration of Denial of Plaintiff's Motion to Amend Complaint, filed February 15, 2022;

2. Defendant's Opposition to Plaintiff's Motion for Reconsideration of Denial of Plaintiff's Motion to Amend Complaint, filed March 11, 2022;

3. Plaintiff's Reply in Support of Motion for Reconsideration of Denial of Plaintiff's Motion to Amend Complaint, filed March 29, 2022; and

4. Defendant's Surresponse to Plaintiff's Reply in Support of Motion for Reconsideration of Denial of Plaintiff's Motion to Amend Complaint, filed April 27, 2022.

**2022 VI Super 64U**

## I.    BACKGROUND

¶2    Plaintiff commenced the present action by filing a complaint on March 12, 2018.[1] Three years later, on May 10, 2021, Plaintiff moved to amend the complaint to add four new claims and nine new parties. Because this motion was filed well beyond the 21 days allowed by the Virgin Islands Rules of Civil Procedure to amend the complaint once as a matter of course, Plaintiff argued that the motion to amend should be granted because the amendments sought relate back to the original pleading and would not create any undue prejudice. On September 27, 2021, this Court issued an Order denying Plaintiff's Motion to Amend Complaint based on Plaintiff's undue delay in filing the motion and finding that amending the complaint at this stage would prejudice Defendant and place an unwarranted burden on the Court.

¶3    On February 15, 2022, almost five months after the Court issued its order, Plaintiff filed a Motion for Reconsideration of Denial of Plaintiff's Motion to Amend Complaint, asking the Court to reconsider its denial of her Motion to Amend Complaint. Plaintiff contends that the Order dated September 27, 2021, was not received by Plaintiff's counsel until February 2, 2022. Plaintiff asserts that the motion is therefore timely since it was filed within 14 days of receipt of the Court's Order by Plaintiff's counsel. Shall Plaintiff's motion for reconsideration be considered timely, Plaintiff argues that her motion should be granted to correct a clear error of law and manifest injustice.[2]

¶4    Defendant filed an Opposition to Plaintiff's Motion for Reconsideration of Denial of Plaintiff's Motion to Amend Complaint on March 11, 2022, arguing that there is no basis to reconsider the Court's order.[3] Defendant also argues that Plaintiff's motion has raised new reasons for the delayed filing of her Motion to Amend Complaint that must be disregarded.[4] Plaintiff filed a Reply in Support of Motion for Reconsideration of Denial of Plaintiff's Motion to Amend Complaint on March 29, 2022, arguing that justice would be served by granting the amendment.[5] The matter came before the Court for a status conference on March 30, 2022, at which time Defendant's counsel advised that Plaintiff's motions raised new issues and she would be filing a request to file a surresponse. Defendant filed a Motion for Leave to File Surresponse on April 7, 2022, which the Court granted on April 13, 2022. Defendant filed a Surresponse to Reply in Support of Motion for Reconsideration of Denial of Plaintiff's Motion to Amend Complaint on April 27, 2022. The parties are currently attempting to mediate their dispute.

---

[1] As noted in the Court's Order dated September 27, 2021, this action is the third iteration of Plaintiff's lawsuit against Defendant, and the Court will therefore not outline the extensive factual and procedural history of this case.
[2] Pl.'s Mot. Recons. 3.
[3] Def.'s Opp'n to Pl.'s Mot. Recons. 3.
[4] Def.'s Opp'n to Pl.'s Mot. Recons. 5.
[5] Pl.'s Reply in Supp. of Mot. Recons. 2.

**2022 VI Super 64U**

## II.    LEGAL STANDARD

### A. Motion for Reconsideration

**¶5**    Motions for reconsideration in the Superior Court of the Virgin Islands are governed by Rule 6-4 of the Virgin Islands Rules of Civil Procedure, which provides that "a party may file a motion asking the court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time is extended by the court."[6] The court will only grant extensions for good cause shown.[7] A motion to reconsider must be based on one of the following grounds: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling.[8] Parties moving for reconsideration must base their argument on one of the four grounds enumerated in Rule 6-4 or they fail to meet their burden.[9] Reconsideration is an "'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal."[10] Motions for reconsideration are not "'vehicle[s] for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'"[11] Thus, they are not "a second bite of the apple," and they are "'intended to focus the parties on the original pleadings as the 'main event,' and to prevent parties from filing a second motion with the hindsight of the court's analysis covering issues that should have been raised in the first set of motions.'"[12] Motions for reconsideration are not proper for presenting new facts, raising new issues, or making new arguments.[13]

**¶6**    When analyzing a motion for reconsideration based on "the need to correct clear error of law," Virgin Islands courts have determined that granting a motion on these grounds is appropriate

---

[6] V.I. R. Civ. P. 6-4(a) (providing the time to file a motion for reconsideration except as provided in Rules 59 and 60 relating to final orders and judgments).

[7] V.I. R. Civ. P. 6-4(a); *see also Magras v. National Industrial Services, LLC*, 75 V.I. 11, 17 (V.I. Sup. Ct. 2021) (finding good cause for a delayed filing when counsel never received information due to an inadvertent oversight).

[8] V.I. R. Civ. P. 6-4(b) (noting that when ground (4) is relied upon, a party must specifically point out in the motion for reconsideration where in the record of the proceedings the particular issue was actually raised before the court); *see also Arvidson v. Buchar*, 72 V.I. 50, 64 (V.I. Super. Ct. 2019) (concluding that "motions for reconsideration must be based on one of the grounds delineated in Rule 6-4(b)").

[9] *See Magras v. National Industrial Services, LLC*, 75 V.I. 11, 15-16 (V.I. Super. Ct. 2021) (denying a motion for reconsideration when the parties did not base their argument on one of the four grounds enumerated in Rule 6-4 and therefore did not meet their burden) (citing *Arvidson*, 72 V.I. at 64).

[10] *Kralik v. Osage STX Holdings, LLC*, 74 V.I. 17, 19 (V.I. Super. Ct. 2021) (quoting *In re Infant Sherman*, 49 V.I. 452, 458 (V.I. 2008)).

[11] *Id.* (citing *Worldwide Flight Services v. Gov't of the Virgin Islands*, 51 V.I. 105, 110 (V.I. 2009)) (quoting *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

[12] *Ghirawoo v. John-Baptiste*, 74 V.I. 294, 298 (V.I. Super. Ct. 2021) (quoting *In re Infant Sherman*, 49 V.I. at 457).

[13] *People of the Virgin Islands v. Hatcher*, 68 V.I. 367, 376 (V.I. Super. Ct. 2018).

*Andrea Smith v. The West Indian Company, Limited*
Case No. ST-2018-CV-00138
Memorandum Opinion and Order - July 11, 2022
Page 4 of 7

**2022 VI Super 64U**

"'when the initial decision overlooked dispositive factual or legal matters presented to it.'"[14] The court may grant the motion "when its prior decision applied an incorrect legal precept or failed to conduct proper legal analysis using the correct legal precept."[15] The moving party is expected to offer the specific legal authority it claims the Court failed to apply or incorrectly applied in its original decision.[16]

### B. Motion to Amend Complaint

¶7    Motions to amend a complaint in the Superior Court of the Virgin Islands are governed by Rule 15 of the Virgin Islands of Civil Procedure.[17] Rule 15 allows a party to amend its complaint once as a matter of course within 21 days of serving it.[18] Once this time has expired, a party seeking to amend a complaint may amend "only with the opposing party's written consent or with the court's leave."[19] However, Rule 15 also allows an amendment to pleading when the proposed amendment "relates back" to the date of the original pleading. Specifically, Rule 15(c) provides:

(1) An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
   i.    received such notice of the action that it will not be prejudiced in defending on the merits; and
   ii.   knew or should have known that the action would have been brought against it, but for mistake concerning the party's proper identity.[20]

¶8    While the Court "should freely give leave [to amend] when justice so requires,"[21] amendments are within the Court's discretion, and the court may deny a request to amend a complaint as long as it articulates a sound justification.[22] Justifications for denying an amendment include undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure

---

[14] *Smith v. Law Offices of Karin A. Bentz, P.C.*, No. ST-17-CV-116, 2018 WL 671389, *9 (V.I. Super. Ct. Jan. 29, 2018) (citing *O'Neal v. PMST, LLC*, No. ST-12-CV-388, 2012 V.I. LEXIS 62, at *1 (V.I. Super. Ct. Dec. 3, 2012)) (quoting *Castillo v. Kmart Corp.*, No. 2001-CV-0133, 2007 U.S. Dist. LEXIS 96544, *2 (D.V.I. July 6, 2007)).
[15] *Cipriani v. Cipriani*, 74 V.I. 3, 13 (V.I. Super. Ct. 2021) (citing *Arvidson*, 72 V.I. at 64).
[16] *See id.*
[17] V.I. R. CIV. P. 15.
[18] V.I. R. CIV. P. 15(a)(1).
[19] V.I. R. CIV. P. 15(a)(2).
[20] V.I. R. CIV. P. 15(c).
[21] V.I. R. CIV. P. 15(a)(2); *see also Davis v. UHP Projects, Inc.*, 74 V.I. 525, 536 (V.I. 2021).
[22] *Basic Services, Inc. v. Gov't of the Virgin Islands*, 71 V.I. 652, 666 (V.I. 2019) (citing *Reynolds v. Rohn*, 70 V.I. 887, 889 (V.I. 2019)).

to cure deficiencies by amendments previously allowed, and futility of the amendment.[23] The passage of time alone is not undue delay and does not require a motion to amend a complaint be denied.[24] However, delay becomes undue when it places an unwarranted burden on the court[25] or places an unfair burden on the opposing party and exposes them to potential prejudice.[26] The question of undue delay requires the court to focus on the movant's reasons for not amending sooner.[27] Additionally, "liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time."[28]

## III. ANALYSIS

### A. The Court will deny Plaintiff's Motion for Reconsideration because Plaintiff failed to identify a "clear error of law" that the Court needs to correct.

¶9      Plaintiff's motion for reconsideration was filed beyond the 14-day period allowed by Rule 6-4. However, Plaintiff contends that Plaintiff's counsel did not become aware of the Court's Order from which reconsideration is sought until February 2, 2022, almost five months after the order was issued, because they did not receive the Order through the C-track system. Finding good cause for the delayed filing,[29] the Court will accept the delayed motion.

¶10     Plaintiff's Motion for Reconsideration fails to identify a clear error of law for the Court to correct. In a motion for reconsideration, the moving party is expected to offer the specific legal authority it claims the Court failed to apply or incorrectly applied in its original decision.[30] Here, Plaintiff argues that the court committed clear error when applying the legal standard for granting a motion to amend.[31] Plaintiff argues that "the Court failed to assess whether granting leave to amend would place an unwarranted burden on the Court if the amendment was not allowed." This assertion is incorrect: the Court determined that "an amendment at this stage would cause unnecessary delay for both the opposing party and the Court," and thus place an unwarranted burden on the Court.[32] The Court did not need to explicitly state that an unwarranted burden would be placed on the Court if the amendment was not allowed because the Court determined that allowing an amendment *would* burden the Court. Plaintiff's argument does not adequately identify

---

[23] *Id.* at 666-67.

[24] *Toussaint v. Stewart*, 67 V.I. 931, 946 (V.I. 2017); *see also Davis*, 74 V.I. at 537.

[25] *See Toussaint*, 67 V.I. at 946 (quoting *Adams v. Gould, Inc*, 739 F.2d 858, 868 (3d Cir. 1984)).

[26] *See Shrader-Cooke v. Govt' of the Virgin Islands*, No. SX-16-CV-655, 2019 V.I. SUPER 116U, at *7 (V.I. Super. Ct. Aug. 26, 2019).

[27] *See id.* at *8 (finding that delay becomes undue when a movant fails to take advantage of previous opportunities to amend a complaint without adequate explanation).

[28] *Powell v. FAM Protective Services, Inc.*, 72 V.I. 1029, 1043 (V.I. 2020) (quoting *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981)).

[29] *See Magras v. National Industrial Services, LLC*, 75 V.I. 11, 17 (V.I. Sup. Ct. 2021).

[30] *See Cipriani v. Cipriani*, 74 V.I. 3, 13 (V.I. Super. Ct. 2021).

[31] Pl.'s Mot. Recons. 3.

[32] Sept. 27, 2022 V.I. Sup. Ct. Order 7.

*Andrea Smith v. The West Indian Company, Limited*
Case No. ST-2018-CV-00138
Memorandum Opinion and Order - July 11, 2022
Page 6 of 7

**2022 VI Super 64U**

how the court incorrectly applied the standard for granting a motion to amend and is therefore unpersuasive.

¶11    Plaintiff also argues that the Court committed clear error when it failed to consider the seven-month stay in the proceedings when the Court denied Plaintiff's Motion to Amend. The proceedings in this matter were stayed on August 23, 2018, while the Plaintiff's appeal to the Third Circuit (No. 17-2777) in a nearly identical matter to the present case pended resolution. The stay was lifted on March 21, 2019, after the Third Circuit affirmed the District Court's decision to grant Defendant's motion for summary judgment. Plaintiff did not move to amend her complaint until May 10, 2021, two years after the stay was lifted. Not only did the Court consider the stay when outlining the procedural history of this case, the Court also considered that the Plaintiff waited another two years to move to amend her complaint after the stay was lifted without articulating any persuasive reasons for the delay. Plaintiff also claims that the Court did not acknowledge the "lengthy delays caused by the COVID-19 pandemic." However, Plaintiff failed to move to amend her complaint for an entire year before the COVID-19 pandemic took effect with no explanation. Additionally, the matter continued to proceed remotely throughout the entirety of the pandemic.

¶12    Plaintiff is correct that passage of time alone does not amount to undue delay and does not warrant denial of a motion to amend a complaint.[33] However, this leniency in pleading does not give a litigant the privilege to neglect her case for a long period of time.[34] The question of undue delay requires the Court to examine the reasons for the movant's delay and why they did not take advantages of opportunities to move to amend sooner.[35] The Court already found that Plaintiff did not adequately justify the delay in moving to amend her complaint. Therefore, no clear error of law has been identified in Plaintiff's motion for reconsideration.

### B. Plaintiff raises new reasons for failing to amend her complaint sooner which is inappropriate in a motion for reconsideration.

¶13    Motions for reconsideration are not proper for presenting new facts, raising new issues, or making new arguments.[36] Here, Plaintiff offers new justifications for not amending her complaint sooner by indicating that mediation is one of the reasons Plaintiff delayed filing her Motion to Amend. The Court finds this hard to believe considering this case is the third iteration of her suit that was first brought over eight years ago, and the claims and parties she seeks to add are the same or similar to previous iterations of her current suit. Despite her assertion that the Defendant knew or should have known of the claims and parties that Plaintiff sought to add with her amendment, based on the extensive procedural history of this case, *Plaintiff* should have known to include these claims and parties in her original pleading. But more importantly, Plaintiff was required to provide

---

[33] *Toussaint v. Stewart*, 67 V.I. 931, 946 (V.I. 2017); *see also Davis v. UHP Projects, Inc.*, 74 V.I. 525, 536 (V.I. 2021).

[34] *See Powell v. FAM Protective Services, Inc.*, 72 V.I. 1029, 1043 (V.I. 2020).

[35] *See See Shrader-Cooke v. Govt' of the Virgin Islands*, No. SX-16-CV-655, 2019 V.I. SUPER 116U, at *7 (V.I. Super. Ct. Aug. 26, 2019).

[36] *People of the Virgin Islands v. Hatcher*, 68 V.I. 367, 376 (V.I. Super. Ct. 2018).

**2022 VI Super 64U**

those reasons in her Motion to Amend Complaint. Because she did not, it would be inappropriate for the Court to consider them in her Motion for Reconsideration.

### IV.    CONCLUSION

**¶14**    Reconsideration is a drastic remedy that can only be granted based on one of the four grounds enumerated in Rule 6-4 of the Virgin Islands Rules of Civil Procedure: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling.[37] Motions for reconsideration are not "a second bite at the apple"[38] and are not proper for making new arguments.[39] A motion for reconsideration based on the need to correct clear error of law requires the movant to identify the specific legal authority it claims the Court failed to apply or incorrectly applied in its original decision.[40]

**¶15**    Here, Plaintiff asks the Court to reconsider its order denying her Motion to Amend Complaint based on the need to correct a clear error of law. While Plaintiff identifies a legal authority by asserting that the Court improperly applied the standard for amending a complaint, Plaintiff fails to identify how the Court improperly applied the rule. Additionally, Plaintiff attempts to raise new reasons for delaying moving to amend her complaint, which is inappropriate in a motion for reconsideration. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration of Denial of Plaintiff's Motion to Amend Complaint, filed February 15, 2022, is **DENIED**;

**ORDERED** that a copy of this Order shall be directed to counsel of record.

DATED: July 11, 2022

**HON. SIGRID M. TEJO**
Judge of the Superior Court of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court ___ / ___ / ___

By: _____
*for* **LATOYA COMACHO**
Court Clerk Supervisor  07 / 12 / 2022

---

[37] V.I. R. Civ. P. 6-4(b) *see also Arvidson v. Buchar*, 72 V.I. 50, 64 (V.I. Super. Ct. 2019) (concluding that "motions for reconsideration must be based on one of the grounds delineated in Rule 6-4(b)"); *see also Kralik v. Osage STX Holdings, LLC*, 74 V.I. 17, 19 (V.I. Super. Ct. 2021).
[38] *Ghirawoo v. John-Baptiste*, 74 V.I. 294, 298 (V.I. Super. Ct. 2021).
[39] *People of the Virgin Islands v. Hatcher*, 68 V.I. 367, 376 (V.I. Super. Ct. 2018).
[40] *See id.*