# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11177

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

MATTHEW W. DUELING; TYE DUELING; HEATH E. BARFIELD;
KARRIE BARFIELD,

Plaintiffs–Appellants,

v.

DEVON ENERGY CORPORATION; DEVON ENERGY PRODUCTION
COMPANY, L.P.,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-325

Before REAVLEY, PRADO, and COSTA, Circuit Judges.

PER CURIAM:*

The sole issue in this appeal is whether the district court properly denied
the plaintiffs' request for leave to amend their complaint. Plaintiffs–Appellants
the Duelings and the Barfields (collectively "Plaintiffs") filed this nuisance
lawsuit in Texas state court. Plaintiffs asserted that Devon Energy's oil and
gas drilling site, across the street from their homes in a residential area, is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

noisy and disruptive, and interferes with their use and enjoyment of their properties. The district court granted Devon Energy's motion for judgment on the pleadings—finding Plaintiffs' nuisance claims time-barred—and denied Plaintiffs' request for leave to amend. Because the district court denied leave to amend based on mere delay in the absence of a possibility of serious prejudice to the defendant, we vacate the judgment and remand.

## I. PROCEDURAL BACKGROUND

Plaintiffs filed their lawsuit within the two-year statute of limitations for nuisance claims,[1] but they initially named the wrong defendant. The case lingered on the state court's docket without activity for more than a year until the state court dismissed the case for want of prosecution. Plaintiffs hired new counsel, and the state court granted Plaintiffs' unopposed motion to reinstate the case.

In discovery, Plaintiffs learned that Devon Energy Production Company, L.P., (DEPCO)—not the similarly named Devon Energy Corporation (DEC)—operated the allegedly offending oil and gas drilling site. In March 2014, more than twenty months after the lawsuit was initially filed, Plaintiffs moved to amend their state-court petition to add DEPCO as a party. DEC opposed the motion to add DEPCO, arguing, *inter alia*, prejudice and unreasonable delay.

The state court granted Plaintiffs' motion for leave to amend their petition to add DEPCO as a party. Then, DEPCO answered, asserting for the first time a statute-of-limitations affirmative defense. DEPCO then removed the case to federal court and moved for judgment on the pleadings. The district court granted DEPCO's motion for judgment on the pleadings, denied

---

[1] *See Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004) ("The limitations period for a private nuisance claim is two years." (citing Tex. Civ. Prac. & Rem. Code § 16.003)).

No. 14-11177

Plaintiffs' request for leave to amend, and entered final judgment. Plaintiffs timely appeal.[2]

## II.  JURISDICTION AND STANDARD OF REVIEW

The district court had diversity jurisdiction as between the Duelings and the Barfields (Texas residents) and the Devon Energy entities (Oklahoma residents) under 28 U.S.C. §§ 1332, 1441, and 1446. We have appellate jurisdiction over the district court's final judgment under 28 U.S.C. § 1291.

We review a district court's denial of leave to amend under Federal Rule of Civil Procedure 15 for abuse of discretion. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002). "Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotation marks omitted). In other words, "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux*, 376 F.3d at 425.

## III.  APPLICABLE LAW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In removed actions, however, the Federal Rules of Civil Procedure state that the Rules "apply to a civil action *after* it is removed

---

[2] Plaintiffs do not appeal judgment on the pleadings as to Devon Energy Corporation.

3

## No. 14-11177

from state court." Fed. R. Civ. P. 81(c)(1) (emphasis added); *see also* Fed R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."). Accordingly, for relation-back purposes, we have held that state rules apply to determine whether an amended petition filed in state court relates back to the date of the original petition. *Taylor v. Bailey Tool & Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014).

## IV. DISCUSSION

The sole issue on appeal is whether the district court abused its discretion in denying Plaintiffs' request for leave to amend to respond to DEPCO's statute-of-limitations defense. The district court granted DEPCO's motion for judgment on the pleadings because—although Plaintiffs' initial petition was filed within the two-year statute of limitations—Plaintiffs "did not name DEPCO as a party defendant until the filing of their First Amended Petition," nearly four years after their nuisance claims accrued in July 2010. Plaintiffs requested leave to amend their complaint to plead misidentification and relation back in response to DEPCO's statute-of-limitations defense.

The district court denied Plaintiffs' request for leave to amend. The district court's stated reasons for denying leave to amend were brief:

> Plaintiffs have had several opportunities to learn and name the correct defendant and properly plead their reason for avoidance of limitations in the over four years since this lawsuit was first filed, but they have been dilatory in so doing. Consequently, their request for leave to again amend their pleadings is DENIED.

Plaintiffs argue this ruling was error because they have not been dilatory in amending their complaint, as "there have not been repeated failures to cure deficiencies."[3] Plaintiffs further argue that "amendment . . . would not be

---

[3] DEPCO argues that Plaintiffs have waived this argument, but that is not the case in light of Plaintiffs' opening brief.

futile" because their "proposed second amended complaint . . . clearly laid out the facts" supporting their argument that the amended complaint should relate back under Texas procedural law. DEPCO counters that Plaintiffs failed to comply with the state court's scheduling deadlines, and, when the state court granted leave to amend, "Plaintiffs could have asserted any theories to toll or avoid limitations in their First Amended Petition." But "[t]hey did not—instead merely adding DEPCO as a party."[4] In reply, Plaintiffs emphasize that the Fifth Circuit has held that "delay alone is an insufficient basis for denial of leave to amend," quoting *Mayeaux*, 376 F.3d at 427.

Under Federal Rule of Civil Procedure 15(a), "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux*, 376 F.3d at 425. Although proper reasons for denying leave to amend include "undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party," "delay alone is an insufficient basis for denial of leave to amend." *Id.* at 425, 427. The touchstone for denial of leave to amend under Rule 15(a) is prejudice. *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Thus, delay warrants dismissal "only if the delay . . . presents the possibility of serious prejudice to the opponent." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598–99 & n.2 (5th Cir. 1981) (reversing district court's denial of leave to amend "proposed after dismissal of the action at the pre-trial conference and one week before the trial date" in part because the plaintiff moved to amend "promptly upon the decision of the trial court that held the pleadings defective").

---

[4] Because we do not find the fact that Plaintiffs' counsel previously sued DEPCO in another separate nuisance lawsuit relevant to whether leave to amend should have been granted in this case, DEPCO's request for this Court to take judicial notice of this fact is DENIED.

No. 14-11177

Delay is undue and prejudicial if it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial. This Court and other courts have found prejudice, for instance, if the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial. *See Smith v. EMC Corp.*, 393 F.3d 590, 594–96 (5th Cir. 2004) (affirming denial of leave to amend—finding the delay undue and prejudicial—because the amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline").

At the same time, "[l]iberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time." *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981). "At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive." *Id.*

Here, although there is ample evidence of delay (particularly in state court before the case was removed),[5] we struggle to perceive how this delay unduly prejudiced DEPCO. Plaintiffs' initial state court petition—incorrectly identifying Devon Energy Corporation as the defendant—did linger on the

---

[5] Contrary to Plaintiffs' argument, we may and do consider the entire record—including proceedings in state court prior to removal—in assessing the district court's denial of leave to amend. *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988) ("The federal court accepts the case in its current posture as though everything done in state court had in fact been done in the federal court." (internal quotation marks omitted)).

state court's docket for over a year until finally the state court dismissed the petition for want of prosecution. But as soon as Plaintiffs learned in discovery that the similarly named Devon Energy Production Company, L.P., was in fact the correct party, Plaintiffs promptly sought and obtained leave from the state court to amend their petition to add DEPCO. DEPCO answered asserting a statute-of-limitations defense; the Devon Energy entities had not previously asserted a statute-of-limitations defense until after Plaintiffs moved for leave to amend to add DEPCO. Then, DEPCO removed to federal court and filed a motion for judgment on the pleadings on the same day. In their timely response to DEPCO's motion for judgment on the pleadings, Plaintiffs requested leave to amend and attached a proposed amended complaint to allege misidentification and tolling of the statute of limitations. As in *Dussouy*, Plaintiffs promptly requested leave to amend in response to DEPCO's motion as soon as it appeared likely that their pleadings were defective. *See* 660 F.2d at 599.

The district court had not issued a Rule 16 pretrial scheduling order, and neither the discovery cutoff date nor the time to file dispositive motions had lapsed. The proposed amended complaint does not include new legal theories of which DEPCO was not on notice: Plaintiffs' tolling arguments were included in their successful motion to amend the petition in state court. Thus, we conclude that the district court abused its discretion in denying leave to amend based on Plaintiffs' "dilatory" conduct in this litigation.

Although undue delay appears to be the only reason the district court gave for denying leave to amend, we may nonetheless affirm if other reasons are "readily apparent" such that "the record reflects ample and obvious grounds for denying leave to amend." *Mayeaux*, 376 F.3d at 426 (internal quotation marks omitted). This is not such a case. There is no evidence of bad faith, and Plaintiffs have not repeatedly failed "to cure deficiencies by

amendments previously allowed." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). So far, only one amendment has been allowed: the state court granted Plaintiffs leave to amend their petition to include DEPCO. Plaintiffs up to this point have not had an opportunity to amend their complaint to address DEPCO's statute-of-limitations defense that had not been previously asserted: soon after DEPCO answered asserting this defense, the case was removed. Further, it is not readily apparent that Plaintiffs' proposed amendment would be futile. Under Texas law, "[i]f the plaintiff merely misnames the correct defendant . . . , limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition." *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990). If this rule were to apply here, Plaintiffs' proposed amended complaint may relate back to their initial, timely state-court petition—though, we express no opinion on this issue, except to say that futility is not obvious.

## V. CONCLUSION

Although we do not countenance Plaintiffs' delay in pursuing this action in state court, that delay did not substantially prejudice DEPCO, nor does it overcome the presumption in favor of granting leave to amend. *Mayeaux*, 376 F.3d at 425. Thus, the district court abused its discretion in denying Plaintiffs' request for leave to amend. We therefore VACATE the judgment of the district court and REMAND for proceedings not inconsistent with this opinion.