# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2018

Lyle W. Cayce
Clerk

GEORGE O. RILEY; TRENA RILEY,

Plaintiffs-Appellants

v.

WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, also known as MERS; CRESTMARK MORTGAGE COMPANY; CORNERSTONE HOME LENDING, INCORPORATED; DOES 1 THROUGH 100, inclusive; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1415

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

George O. Riley and Trena Riley (the Rileys) sued the defendants, alleging violations of federal and state law in conjunction with the attempted and actual foreclosure on the Rileys' property. The district court granted the defendants' motions to dismiss and dismissed the Rileys' complaint for failure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20080

to state a claim upon which relief can be granted. The district court also denied the Rileys' motion for relief from the judgment in a prior lawsuit and denied the Rileys leave to amend their complaint. The Rileys appeal these rulings and also move for judicial notice of various documents. For the reasons that follow, we affirm the judgment of the district court and deny the Rileys' motion for judicial notice.

The asserted claims of defects in the defendants' motions to dismiss were not timely raised in the district court and are thus waived. *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 307 n.27 (5th Cir. 1999). The Rileys' claim that the district court should have converted the defendants' motions into motions for summary judgment, assuming that this claim is not waived, is unavailing. In deciding a motion to dismiss, the district court may consider matters of public record, such as public court filings. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

The Rileys were not entitled to amend their complaint as a matter of course because they had already amended their complaint. *See* FED. R. CIV. P. 15(a)(1)-(2). They have abandoned any challenge to the district court's alternative grounds for denying leave to amend, prejudice to the defendants and further unreasonable delay, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and thereby failed to demonstrate any abuse of discretion, *see Doe v. United States*, 853 F.3d 792, 803 (5th Cir. 2017).

We do not need to decide whether the district court abused its discretion in concluding that the Rileys had to seek relief from the judgment in a prior lawsuit by moving for such relief in the court that adjudicated that lawsuit. *Rodriguez v. Bank of Am., N.A.*, 693 F. App'x 376, 377 (5th Cir. 2017) (per

2

curiam), *cert. denied*, 2018 U.S. LEXIS 1630 (U.S. Mar. 5, 2018). The alleged manufacturing and forgery of documents by the defendants does not amount to fraud on the court within the meaning of Federal Rule of Civil Procedure 60(d)(3). *See Tu Nguyen v. Bank of Am., N.A.*, 516 F. App'x 332, 335 (5th Cir. 2013). Any argument on appeal regarding Rule 60(d)(1) was not timely raised in the district court and is thus waived. *Freeman*, 142 F.3d at 851.

The district court did not err in concluding that the Rileys' claims, other than for wrongful foreclosure, were or could have been raised in the prior lawsuit and were, therefore, barred by the res judicata effect of the judgment in that prior lawsuit. *See Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1349 (2017). The district court did not err in concluding that the Rileys failed to state a claim for wrongful foreclosure. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). Their conclusional assertion that they pled the elements of this cause of action does not meaningfully challenge the district court's conclusion that they failed to allege a cognizable defect in the foreclosure sale proceedings. *See Brinkmann*, 813 F.2d at 748. To the extent that the Rileys are also arguing that the district court ignored their separate claim that one of the defendants lacked authority to foreclose on their property, the district court did not err in concluding that such a claim was barred by res judicata. Lastly, the Rileys' motion for judicial notice is denied as the documents are irrelevant to the dispositive issues in this appeal. *See Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 n.4 (5th Cir. 2015).

AFFIRMED; MOTION DENIED.