# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40542
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2014

Lyle W. Cayce
Clerk

RICHARD CAVADA, SR.,

Plaintiff - Appellant

v.

JOHN M. MCHUGH, Secretary, Department of the Army,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-362

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This is an appeal from summary judgment for the federal agency defendant in a disability discrimination action brought by Richard Cavada. For the following reasons, we affirm.

Appellant Richard Cavada began working as an equipment cleaner for the Department of the Army ("the Agency") in August 2003. He was assigned to the Engine Cleaning shop at the Corpus Christi Army Depot ("CCAD"). Because of his exposure while working at CCAD, Cavada developed a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40542

sensitivity to n-propyl bromide ("NPB"), a caustic chemical used as a solvent. Since 2008, Cavada has been almost continuously medically restricted from working near NBP. In an attempt to accommodate this condition, the Agency temporarily assigned Cavada to other work sites – including one in a different division – while the Agency attempted to locate another permanent job. Cavada's Division Chief explained that "[t]his was done to keep [Cavada] gainfully employed while placement efforts were taking place."

The job search effort was temporarily halted when Cavada suffered an on the job injury, and resumed after he recovered from a subsequent knee surgery. Cavada then formally applied for the Medical Placement Program, allowing the Agency to attempt to place him in a position for which he was qualified. His supervisor prepared an Essential Function Analysis so that the Agency could determine whether Cavada could perform his duties with reasonable accommodation. The Agency determined that he could not.[1]

Nevertheless, the Agency referred Cavada's file to the Medical Placement Program ("MPP"). MPP monitored available positions for at least ninety days. Cavada refused to be considered for jobs outside CCAD, acknowledging that this would dampen his relocation prospects. No qualifying positions became available and the Agency removed Cavada on June 18, 2012.

After pursuing internal and MSPB appeals, Cavada sued on November 27, 2012, alleging gender discrimination[2] and federal and state retaliation claims. Twice the Agency moved to dismiss for failure to state a claim and

---

[1] Cavada has introduced no evidence tending to show he was qualified, despite his NBP restriction, for the equipment cleaner position. The Agency conducted a formal analysis of Cavada's job functions and determined that accommodation was impossible. See 42 U.S.C. § 12111 ("consideration shall be given to the employer's judgment as to what functions of a job are essential").

[2] Counsel for Appellant referred to this as a "typo" in the hearing on the motion to dismiss the first amended complaint.

2

twice the district court granted leave to amend. Cavada has not pursued his retaliation claims. The Agency moved for summary judgment on Cavada's sole remaining cause of action – disability discrimination – the district court granted it.

We review *de novo* the district court's grant of summary judgment, applying the same standards as the district court. *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 275 (5th Cir. 2014). Summary judgment is appropriate "where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 275-76 (citing Fed. R. Civ. P. 56(a)). Conversely, summary judgment is inappropriate if a reasonable jury could find for the nonmovant. *Id.* at 276.

Although the Court will resolve inferences in favor of the nonmovant, a party seeking to avoid summary judgment "must go beyond the pleadings and present specific facts indicating a genuine issue" of fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548 (1986)). In addition, this court can affirm summary judgment "on any ground supported by the record" and raised by the parties, "even if it is different from that relied on by the district court." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001).

Cavada's second amended complaint asserts disability discrimination under the Rehabilitation Act, which is the exclusive remedy for federal employees.[3] Cavada's argument depends on the putative existence of other positions at CCAD for which he claims he was qualified. Pertinent here, the

---

[3] Much of the analysis below referred to the ADA. The district court correctly noted that in this Circuit the substantive protections of the Rehabilitation Act and the ADA are the same. *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005) (citing *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287 (5th Cir. 2005)); see also *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) ("Jurisprudence interpreting either section is applicable to both.")

No.  14-40542

Rehabilitation Act requires him to prove that Appellee discriminated against him "solely by reason of… his disability," 29 U.S.C. § 794(a); *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir.  1997).

Appellant adduced no direct evidence of discrimination.  Therefore, the summary judgment standard is here superimposed on the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973).  *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001).  A plaintiff relying on circumstantial evidence must marshal competent summary judgment evidence to present a prima facie case of discrimination. If he can do so, the burden shifts to the employer to produce nondiscriminatory reasons for its actions, and the plaintiff must then create a genuine issue of material fact that those reasons are merely pretextual.  *Id.*

Cavada argues that he should have been permanently reassigned to one of five different positions at CCAD.  The proposed positions fall into two categories: 1) the parts controller position to which he had been temporarily assigned and 2) four other positions for which the Agency considered him before ultimately finding that he was not qualified for any of them.

The Agency has consistently maintained that there was no vacant and permanent parts controller position.  Appellant counters in his brief that nine other employees worked in that shop, that there was and is "plenty of work" in the shop, that he was not informed the position was temporary until he was removed, and that he knows two other employees who were hired after he was removed.  He offers no evidence for any of these reasons beyond his declaration. Appellant does not possess the knowledge or expertise to assess the Army's staffing requirements, nor is he entitled to notice of the position's permanence. Further, even if we were to accept these facts as true, they are irrelevant to the existence of a funded parts controller position.

4

No.  14-40542

The district court found that Cavada had produced competent testimony to establish a prima facie case of discrimination with respect to the parts controller position but that its nonexistence was a legitimate nondiscriminatory reason for the Agency action.  Regardless whether the fact undermines Appellant's prima facie case or whether it is properly considered under the second step of the *McDonnell Douglas* framework, Appellant "bears the burden of proving that an available position *exists* that he was qualified for and could, with reasonable accommodations, perform." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007) (emphasis added).  Moreover, an employer is not required to create a new position for a disabled employee. *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir.  1997) ("For the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant.").  Summary judgment is proper for this claim.

As to the second category of positions, the district court held that Cavada had failed to offer competent evidence that he was qualified for these positions. We agree.  Cavada challenges here the sufficiency of the record evidence on which the district court relied; his challenge is not well-taken.  For most of his challenges, he offers no reason why the evidence should be discredited.  He criticizes the Agency for filing some of its evidence for the first time only in its reply to his response to the motion for summary judgment.  But it was Cavada who failed to raise the other four positions until his response; the Agency would have had no reason to introduce this evidence before then.[4]  Cavada also argues that the Agency's medical records are inadmissible because provided by lay persons.  This argument also fails.  These records are evidence of the Agency's

---

[4] The Agency objected to this novelty in its reply in support of its motion for summary judgment, ROA.325-26, but the district court ruled on the merits of the claim on the record as it was.  We do the same but note that an issue raised for first time at trial is not tried by consent when the opposing party "vigorously object[s]".  *See Moody v. FMC Corp.*, 995 F.2d 63 (5th Cir. 1993).

nondiscriminatory reasons for not transferring Cavada to one of the vacant positions.  Their veracity as medical diagnoses is not at issue.

The central weakness of Cavada's evidence is his reliance on his own declaration.  In response to the district court's determination that his declaration was conclusory, Cavada says only that it "could not be more detailed."  But "detailed" is not the opposite of "conclusory": a litigant cannot survive summary judgment on the strength of conclusory averments alone, however detailed.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In the face of the Agency's actual documentary evidence, Cavada's own testimony – no matter how detailed – is here insufficient to create a genuine issue of fact.  Describing his declaration as "uncontroverted" is also unavailing.  The Agency does controvert it – with its own actual evidence demonstrating its determination that Cavada was not qualified for the positions.

Cavada has adduced no evidence that the Agency acted with discriminatory intent or that a reasonable accommodation existed.  There is no issue of material fact as to the existence of a funded parts controller position – there is only Cavada's opinion against the Agency's evidence.  Cavada has not carried his burden.  The district court's order is **AFFIRMED**.