# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30653

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2016

Lyle W. Cayce
Clerk

TAMMIE WADE,

Plaintiff–Appellant,

versus

MEGAN J. BRENNAN, Postmaster General,

Defendant–Appellee.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5442

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

Tammie Wade takes issue with a discovery ruling and a summary judgment that she could not recover under the Rehabilitation Act (the "Act") because she was not a "qualified individual." We see no error and affirm.

I.

Wade joined the United States Postal Service ("USPS") in 1997 as a Mail

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30653

Processing Clerk, requiring that she stand at a mail-sorting machine for long periods of time. She suffered from various maladies as early as 2000 that prevented her from, among other things, standing for more than fifteen minutes, which meant she could not perform the essential functions of the Mail Processing Clerk job, so she applied for a temporary assignment to "light duty."[1]

USPS granted Wade's light-duty request, and she thereafter "did various kinds of light duty work"—most frequently "manual casing."[2] Renewing her requests every ninety days or six months, Wade did the light-duty work from 2000 to June 2010, when she was involved in an off-the-job car accident. She attempted to return to light-duty work in December 2010, but USPS denied her request because no light-duty work was available owing to a reduction in mail volume. USPS placed her on leave, a status she retained until USPS terminated her in March 2012 for the stated reasons that she could not perform the essential functions of a Mail Processing Clerk and had been on leave for more than a year.

Wade sued for failure to accommodate and for retaliation in violation of the Act. Early in discovery, USPS moved for summary judgment on both claims, urging in part that Wade could not recover under the Act because she was not a qualified individual. Later the parties stipulated that a summary

---

[1] Light-duty work, which could be temporary or permanent, was the "duty necessary to the operation of the installation which [could] be performed by an ill or disabled employee without hazard to himself/herself or others" and was available to employees suffering from a non-work-related injury or condition. Article 13 of the Collective Bargaining Agreement ("CBA") required that employees request such work (and renew those requests if the assignment was temporary) and show their injury or medical condition with supporting medical evidence. The CBA restricted light-duty assignments to "the extent that work within the employee's doctor-ordered restrictions is available *according to the needs of the service*" and to situations in which the assignment would not detrimentally affect another employee.

[2] The parties did not clearly describe manual casing, but it appears to require the employee to sit and hand-sort mail that could not go through sorting machines.

No. 15-30653

judgment on whether Wade had made a request for accommodation would obviate some discovery issues.[3]

The court thus ordered Brennan to move for summary judgment on the retaliation claim and the accommodation-request issue within seven days, which USPS did, along with renewing its contention that Wade was not a qualified individual.[4] Wade moved to continue the summary judgment under Federal Rule of Civil Procedure 56(d) to allow more discovery. The court denied that motion and granted summary judgment on the ground that Wade was not a qualified individual. Wade appealed.[5]

II.

Under the familiar *McDonnell Douglas* burden-shifting framework, which applies to discrimination claims based on circumstantial evidence, Wade has the burden to establish a *prima facie* case of discrimination under the Act,[6] which provides, "No otherwise *qualified individual* with a disability in the United States . . . shall, solely by reason of her or his disability, . . . be subjected

---

[3] The stipulation read,

The parties agree that many of the unresolved discovery issues rely on a threshold determination of whether [Wade's] request for light duty work under the CBA also constituted a request for reasonable accommodation under the . . . Act. Therefore, the parties propose that Defendant file [a motion for summary judgment] on this issue by next Tuesday and allow the court to rule on the dispositive motion prior to ruling on any unresolved discovery issues. Therefore, the parties request that the court continue the pending motion to compel [and] motion to clarify until after ruling on the [motion for summary judgment]. Defendant's [motion for summary judgment] will also address plaintiff's retaliation claim.

[4] The court ordered that within seven days, "defendant must file its motion for summary judgment on the issues of (1) plaintiff's retaliation claim and (2) whether plaintiff's request for light duty under the collective bargaining agreement also constituted a request for reasonable accommodation under the Rehabilitation Act."

[5] Wade abandons her retaliation claim on appeal.

[6] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).

to discrimination . . . under any program or activity conducted by . . . [USPS]." 29 U.S.C. § 794(a) (emphasis added). Establishing a *prima facie* case thus requires that Wade show she is qualified for her job. *See Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004). The district court granted summary judgment because Wade had failed to produce evidence showing a genuine dispute of material fact as to whether she was a qualified individual—a conclusion we review *de novo*, using the same standards applied in the district court. *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 275–76 (5th Cir. 2014).

"We assess whether a plaintiff is otherwise qualified for a given job based on whether (1) 'the individual could perform the essential functions of the job'; and, (2) if not, 'whether any reasonable accommodation by the employer would enable him to perform those functions.'"[7] Reasonable accommodations include "reassignment to a vacant position." 42 U.S.C. § 12111(9)(B). "For the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant." *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997). In other words, USPS was not required to "exempt [Wade] from performance of an essential function of the job," *Jones v. Kerrville State Hosp.*, 142 F.3d 263, 265 (5th Cir. 1998), to "find or create a new job" for her, *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995), or to disadvantage other employees as a result of her reassignment, *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996).

---

[7] *Sapp v. Donohoe*, 539 F. App'x 590, 595 (5th Cir. 2013) (per curiam) (quoting *Chandler v. City of Dall.*, 2 F.3d 1385, 1393–94 (5th Cir. 1993)). We rely in some places on cases interpreting the ADA, because courts treat the Act and the ADA identically. *See Cavada v. McHugh*, 589 F. App'x 717, 718 n.3 (5th Cir. 2014) (citing *Bennett–Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005)); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) ("Jurisprudence interpreting either section is applicable to both.").

No. 15-30653

Wade claims first that she "could perform the essential functions of the job," *Chandler*, 2 F.3d at 1393, but the district court erred by misidentifying her "job." It is undisputed that Wade could not perform the essential functions of a Mail Processing Clerk at any time after 2000. She accordingly maintains that her "job" was the light-duty manual-casing work and that she could perform the essential functions of that job.

Wade relies on several EEOC decisions, but those cases undermine her position or are distinguishable on the facts.[8] In *Saul v. Henderson*, EEOC Doc. 01970693 (2001), 2001 WL 528730, the complainant initially worked as a Rural Letter Carrier but suffered an on-the-job injury and performed "a set of miscellaneous tasks" on a limited-duty assignment for about eighteen months. *Id.* The EEOC considered Saul to be a Rural Letter Carrier, finding that her limited-duty assignment was not an "actual position" because it consisted of work culled from other positions; it was offered to her only until she recovered or USPS no longer needed the services; it did not have a description of the position or salary information; and her firing resulted in the reassignment of her work to other employees instead of USPS's hiring new employees as it would have if she held a permanent, funded position. *Id.* at *4.

Comparing Wade's case to *Saul* compels the conclusion that Wade's "job" was that of a Mail Processing Clerk. Wade, whose burden it is to establish her relevant job,[9] offered no official description or salary information for the manual-casing work. Like the complainant in *Saul* who did "miscellaneous

---

[8] We may rely on EEOC decisions as persuasive authority, though they are not binding. *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 725 (5th Cir. 2002) (citing *Smith v. Univ. Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) (noting that civil litigation is "completely separate from the actions of the EEOC")).

[9] *See Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007) ("The plaintiff bears the burden of proving that an available position exists that he was qualified for and could, with reasonable accommodations, perform.").

No. 15-30653

tasks," Wade admitted that her light-duty assignments included "various kinds of light duty work." She offered no evidence that USPS had hired other employees to fill her "vacancy," and USPS offered uncontroverted evidence that the manual-casing work was merely "a collection of tasks" to which USPS would assign employees according to USPS's needs. Moreover, as in *Saul*, where the limited-duty assignment was contingent on USPS's needs or the complainant's recovery, Article 13 of the CBA restricted light-duty assignments to ninety-day or six-month terms, to the extent of USPS's needs for such work, and to situations in which an assignment would not negatively affect other employees. The manual-casing work was not Wade's "job" but was a fluid collection of tasks to which she was assigned as a voluntary accommodation.

Wade's notion regarding the second prong (*i.e.* that USPS could accommodate her disability with a reassignment to light duty)[10] is undermined by her failure to produce any evidence that manual casing "exists" and is "vacant." *Foreman*, 117 F.3d at 810. Thus, reassignment to light-duty work would necessarily "exempt [her] from performance of an essential function of" a Mail Processing Clerk. *Jones*, 142 F.3d at 265. In her reply brief, Wade admitted that the manual-casing work was "unfunded" or "technically unfunded," and she offered no evidence to rebut USPS's contention that light duty was merely a collection of tasks.[11] She failed to show manual casing was an existing

---

[10] Though there are other ways an employer may reasonably accommodate a disabled employee, Wade sought only accommodation through reassignment. By failing to raise them, she has waived any arguments regarding alternative accommodations. *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 747 (5th Cir. 2011).

[11] At the summary-judgment stage, Wade affirmatively admitted (1) that "manual casing[ ] was not a vacant position," (2) that manual casing "was a collection of tasks assigned to her to provide her work in accordance with the [CBA]," and (3) that her light-duty work "was not a permanent position." Those admissions distinguish this matter from cases such as *Dellinger v. Potter*, EEOC Doc. 07A40040 (2005), 2005 WL 2492880, and *McConnell v. Potter*, EEOC Doc. 0720080054 (2010), 2010 WL 332083, which Wade also cites. *Dellinger* and *McConnell*, unlike Wade's case and *Saul*, dealt with seemingly permanent or indefinite

position, so reassignment there would necessarily require USPS to create a new position for her, which is not a reasonable accommodation. *Daugherty*, 56 F.3d at 700. Finally, Wade averred that "10 or so others" routinely performed light-duty work for USPS. Assuming that is true, Wade's reassignment to that work would have a negative impact on other employees by reducing their work or available hours. Article 13 of the CBA provides specifically that USPS need not assign employees to light-duty work if it would negatively affect other employees, and caselaw establishes that such an assignment is not a reasonable accommodation.[12]

## III.

Wade contends the district court erred by denying her motion to continue the summary judgment to allow more discovery. Rule 56(d) provides that "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order" if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). We review the denial of a motion under Rule 56(d) for abuse of discretion. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 257 (5th Cir. 2013). A court does not abuse its discretion if it applies the correct legal standards and makes no clearly erroneous findings of fact. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013). "Under the clearly erroneous standard, we will uphold a finding so long as it is plausible in light of the record as a whole, or so long as this court has not been left with

---

modifications to existing positions, not temporary assignment to a temporary position.

[12] *See Turco*, 101 F.3d at 1094 ("[A]n accommodation that would result in other employees having to work harder or longer is not required under the ADA.").

the definite and firm conviction that a mistake has been made."[13]

According to Wade, the court should have granted the Rule 56(d) motion because the motion for summary judgment relied on arguments outside the parties' stipulation staying discovery and the court's resulting order and because the motion offered a "newly created reason" for her firing. The court correctly identified Rule 56(d) and the relevant caselaw before denying the motion, so Wade's appeal hinges on whether the court made a clearly erroneous finding of fact. The court found that the stipulation and resulting order did not limit the grounds upon which USPS could move for summary judgment; instead, they set a deadline for USPS to file the motion on at least the accommodation-request issue and the retaliation claim. The court further noted that neither the stipulation nor the order limited the general rule that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). That finding of fact regarding the scope of the stipulation and the order was not clearly erroneous.

Wade also asserts that summary judgment should have been continued because the qualified-individual argument was a "newly created reason." Specifically, Wade challenges USPS's explanation that the light-duty manual-casing work was not a vacant or funded position to which Wade could be reassigned. That argument is straightforwardly frivolous. The record reveals that USPS relied on that ground in its initial motion for summary judgment, which preceded the instant motion by four months. The court plainly did not abuse its discretion in rejecting this argument.

AFFIRMED.

---

[13] *Chemtech Royalty Assocs., L.P. v. United States*, 766 F.3d 453, 460 (5th Cir. 2014) (quotation marks and citations omitted).